FILED
CLERK

10:39 am, Jun 05, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MELANIE POSNER**,

                Plaintiff,

- against -

**COMMISSIONER OF SOCIAL SECURITY**,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SCHEDULING ORDER**

20-cv-2276 (GRB)

**NOTE THAT THIS ORDER DOES NOT CONFORM WITH ADMINISTRATIVE ORDER 2015-05. PARTIES SHOULD FOLLOW THE PROCEDURE SET FORTH BELOW. THE PARTIES SHALL ALSO REFER TO MY INDIVIDUAL RULE VII.**

**Summary of Schedule:**

- **Administrative Record to be filed within 60 days of the date that this Order is docketed.**

- **Plaintiff's Motion for Judgment on the Pleadings to be filed within 45 days from the filing of the administrative record.**

Plaintiff initiated this action by filing the complaint on 5/20/2020.

Defendant will obtain, file and provide to the Court the administrative record of the proceedings within 60 days of the date that this Order is docketed. Defendant's answer to the complaint is waived. Within 45 days from the filing of the record, plaintiff shall file a motion for judgment on the pleadings. Within 45 days from the filing of plaintiff's motion, defendant shall submit its cross-motion. Any party wishing to file a reply memorandum of law shall notify the Court of its intent to do so within 7 days of the filing date of the opposing memorandum of law to which it wishes to reply and shall file such reply memorandum of law within 30 days of the filing date of that opposing memorandum of law.

**BRIEFING REQUIRMENTS**

1. With regard to the description of medical record, the parties are directed to refrain from referring to or citing any portion of the record unless that reference or citation (1) provides material support for the party's position; or (2) is necessary to distinguish or explain as not adequately supporting a result contrary to the party's position. In other words, the Court does not want a rote recitation of every piece of medical evidence, but only such evidence as needs to be considered in connection with the Court's review.

2. To the extent a party's memorandum of law uses medical terminology not in common usage among laypersons, the memorandum shall explain the term, with a citation to a medical reference source supporting the definition. If the use of the term relates to the results of a medical test, the memorandum shall explain how those results bear on the finding of non-disability.

3. Failure to adhere to these briefing requirements may result in the striking of a party's memorandum of law.

Dated: Central Islip, New York            SO ORDERED:
       June 5, 2020

                                          /s/ Gary R. Brown
                                          GARY R. BROWN
                                          UNITED STATES DISTRICT JUDGE